```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL STEWARD,

                           Plaintiff,
                                                                    CV 06-1648
              -against-
                                                                    (Wexler, J.)
WOMACK MATERIAL
HANDLING SYSTEMS, INC.,

                           Defendant.
-------------------------------------------------------------------X
APPEARANCES:

       TIGER & DANGUANNO LLP
       BY: STEPHEN TIGER, ESQ.
       Attorneys for Plaintiff
       370 7th Avenue, Suite 312
       New York, New York 10001

       WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
       BY: PHILLIP A. TUMBARELLO, ESQ.
       Attorneys for Defendant
       3 Gannett Drive
       White Plains, New York 10604
```

WEXLER, District Judge

Plaintiff in this case seeks compensation for a 2005 injury he suffered while operating a forklift at his place of employment. The case was commenced in state court, and removed here on the basis of diversity of citizenship in 2006. After eighteen months of discovery, this court granted Plaintiff's lawyer's request to be relieved from further representation of Plaintiff. In early 2008, after the granting of several extensions of time in which to do so, Plaintiff obtained new counsel to represent him in connection with the 2005 injury. Instead of picking up where outgoing counsel left off, Plaintiff's newly engaged attorney chose instead to commence a second

1

state court action, based upon the same 2005 incident. In addition to naming Womack Material Handling Systems ("Womack"), the defendant herein, in the state court action, that action also names as a defendant the company previously dismissed by Plaintiff's first counsel – Raymond Corporation ("Raymond"), a manufacturer of forklifts. The state court action alleges various product liability claims, in addition to the negligent repair claim asserted here.

Despite the fact that the naming of Raymond in the second state court action defeated full diversity of citizenship among the parties, Womack removed that action to this court, alleging fraudulent joinder of Raymond, the non-diverse defendant. This court held that there was no fraudulent joinder and remanded the 2008 case back to the state court.

At the time of the remand of the 2008 state court action, the court declined to grant Plaintiff's motion, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure ("Rule 41(a)(2)"), to voluntarily dismiss this action so that he could proceed against both Womack and Raymond in a single state court proceeding. Instead, the court held that in fairness, and in recognition of the discovery taken since 2006, this action would continue to be litigated here. The court's decision was influenced by Defendant's expressed intent to move for summary judgment, and the fairness of having that motion decided by this court. Thus, jurisdiction over this case, naming only Womack, the single diverse defendant, was retained.

Presently before the court is Defendant's anticipated motion for summary judgment. Plaintiff opposes the motion, and renews the Rule 41(a)(2) motion in which he seeks dismissal without prejudice so that he can pursue the matter fully against all Defendants in the state court. The court turns to the merits of the motions.

## BACKGROUND

I.  Factual Background and Prior Proceedings

On August 11, 2005, Plaintiff, an employee of the Home Depot, was injured while operating a forklift at his place of employment. According to the complaint before this court, the brakes on the forklift failed as a result of an improper repair. The complaint initially named Raymond as the company that repaired the forklift that Plaintiff was operating at the time of his accident. After being informed by defense counsel that it was Womack, and not Raymond, that was the company responsible for maintaining forklifts used at the Home Depot, Plaintiff amended his state court complaint to name Womack as a Defendant. Shortly thereafter, Plaintiff, who was represented by counsel, agreed to discontinue his action against Raymond. Because dismissal of Raymond from the state court action resulted in complete diversity of citizenship between the parties, Womack was able to remove the action to this court.

After removal, the parties engaged in pretrial discovery, aimed primarily at identifying the forklift involved in Plaintiff's accident. During the course of discovery it became clear that Plaintiff was having difficulty identifying the particular forklift that he was operating on the day of his injury. In an effort to try to identify the forklift, Plaintiff took discovery against non-party Home Depot. Home Depot produced its file regarding the incident, but Plaintiff remained unable to identify the forklift. On May 11, 2007, Plaintiff was given the opportunity to inspect each of the forklifts manufactured by Raymond that were in use on the date of his accident. Even after this inspection, Plaintiff could not identify the forklift that he was operating when he was injured. Nor could he rule out any of the forklifts inspected as being involved in the incident.

After the inspection of the forklifts, Plaintiff's counsel engaged in further discovery to try

to identify the forklift that was operated by his client on the day of the accident. Specifically, counsel asked for all repair and service records for each of the Raymond forklifts present at the Home Depot on the day of Plaintiff's accident. Despite the fact that the forklifts were of different models, and Plaintiff could not identify the model that he was operating when injured, Defendants provided to counsel all repair, service and maintenance records for all of the forklifts in use at the Home Depot on the day of the accident. In addition to providing all service records, Home Depot produced a witness for deposition. The Home Depot deponent was not a witness to the Plaintiff's accident. He was, however, familiar with the routine incident to repair of the Raymond forklifts, and testified that no problems were found with any that were in service on the date of the accident.

In January of 2008, Plaintiff's counsel sought permission from this court to be relieved as counsel. That request was granted by order of this court dated January 29, 2008. Upon relieving Plaintiff's counsel from further representation of Plaintiff, this court granted Plaintiff until March 18, 2008, to secure new counsel. Plaintiff thereafter requested, and was granted additional time in which to engage counsel. The first extension of time expired on Aril 18, 2008, the second on May 18, 2008, and the third on June 16, 2008. After scheduling a final pretrial conference, the court was informed that Plaintiff had finally secured counsel to represent him in this matter. A notice of appearance of newly engaged counsel was filed on September 2, 2008.

As discussed above, Plaintiff's new counsel filed a new state court action naming both Raymond and Womack. That action sets forth additional causes of action sounding in product liability. While that action was removed here, it has since been remanded to the state court, where it remains pending against both Womack and Raymond. This court retained jurisdiction

over the negligence action against Womack. It is that Defendant's motion for summary judgment, Plaintiff's cross motion for voluntary dismissal that are presently before the court.

II.     The Motion for Summary Judgment

As noted, Defendant Womack is identified as the company responsible for maintaining forklifts at Plaintiff's place of employment. The case against Womack is accordingly based upon a theory of negligent maintenance. All parties agree that it is critical to Plaintiff's case that he be able to identify the forklift involved in his accident. Indeed, it is that issue that is at the crux of the Defendant's summary judgment motion. That motion takes the position that, despite liberal discovery, Plaintiff cannot identify the forklift, and the case must therefore be dismissed. Defendant further argues that even if Plaintiff could identify the forklift, the case must be dismissed because other documents make clear that Plaintiff can show no negligence.

III.    Disposition of the Summary Judgment Motion

In response to Defendant's motion, Plaintiff has now set forth evidence showing that he can, indeed, identify the forklift involved. He has described the forklift, and stated its serial number. In light of Plaintiff's ability to identify the forklift, the court cannot grant summary judgment to Defendant based upon the argument that he is unable to provide this critical piece of information. While this information has been long in coming, the court cannot dismiss the case simply because of the passage of time. That fact is that Plaintiff has succeeded in creating an issue of fact as to product identification. While it is certainly true that identification of the forklift is a far cry from showing negligent maintenance, such identification requires denial of summary judgment on this basis. As to the other grounds asserted, the court finds that questions of fact as to how the accident occurred preclude a grant of summary judgment on the issues of

5

negligence and/or comparative negligence. Accordingly, the court denies the motion for summary judgment.

IV.     The Rule 41(a)(2) Motion for Voluntary Dismissal

Plaintiff seeks leave, pursuant to Rule 41(a)(2), to voluntarily dismiss this case without prejudice. Voluntary dismissal without prejudice is not a matter of right. Instead, the rule provides that, except where all parties agree to a stipulation of dismissal, dismissal upon plaintiff's request alone is to be "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The latter clause of the rule insures that dismissal will not result in undue prejudice to the defendant. See Continental Ins. Co. v. Morrison Express Corp., 2009 WL 1269701 *1 (E.D.N.Y. 2009). Factors relevant to the consideration of the propriety of granting a Rule 41(a)(2) motion include "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir. 1990); see Continental, 2009 WL 1269701 *1; Viada v. Osaka Health Spa, Inc., 458 F. Supp.2d 100, 103 (S.D.N.Y. 2005).

Upon consideration of the Zagano factors here, the court holds that it is appropriate to grant the motion to dismiss. As to Plaintiff's diligence in bringing the motion, the court notes that the motion was brought promptly after Plaintiff's engagement of new counsel. While the case had been pending for some time prior to that engagement, that was not the fault of new counsel, and much time elapsed because Plaintiff was unable to secure counsel. Vexatiousness implies a degree of ill will or improper motive. The court finds no vexatiousness on the part of

6

Plaintiff or his counsel. While the case has been pending for nearly three years in this court, the fruits of the eighteen months of pretrial discovery can be easily carried over to the state court litigation. Such discovery obtained by Defendant need not, and should not, be duplicated in the state forum. This will allow that case to proceed expeditiously. The use of the discovery obtained here in the state court proceeding lessens the threat of duplicative expense to the Defendant. While this court has scheduled trial to commence in approximately one month, that factor does not require denial of the motion to dismiss. Plaintiff's apparent ability to identify the forklift involved in the accident would likely have resulted in an extension of discovery, and adjournment of the trial date. Finally, the court holds that the circumstances here do not warrant the imposition of sanctions or fees as a condition of dismissal, and no such condition will be imposed.

## CONCLUSION

For the foregoing reasons the motion for summary judgment is denied and the motion for voluntary dismissal is granted. The Clerk of the Court is directed to close the file in this matter.
SO ORDERED.

                                                                             _____
                                                                             LEONARD D. WEXLER
                                                                             UNITED STATES DISTRICT JUDGE

Central Islip, New York
December 11, 2009